IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CEDRIC JACKSON, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0110-WS-N |
| | ) |
| JONATHAN LEE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, (Doc. 68), and the objection thereto of the sole remaining defendant, (Doc. 71),[1] concerning the defendant's converted motion for summary judgment. (Doc. 34). The R&R recommends that the defendant's qualified immunity defense be denied and that his motion for summary judgment as to the plaintiff's claims against the defendant for excessive force and involuntary hospitalization be denied. (Doc. 68 at 1-2, 30-31). The R&R recommends that the defendant's motion for summary judgment be granted with respect to the plaintiff's claim for illegal taking of money and with respect to any claim against the defendant in his official capacity. (*Id*. at 1-2, 9-10). The

---

[1] The second amended complaint names Ashley Rich and Geoffrey Alexander as defendants. (Doc. 13 at 1, 11). The plaintiff later moved that they "be released from this action," (Doc. 22 at 1), and the Magistrate Judge, construing the request as a motion to dismiss, granted the motion. (Doc. 23).

The second amended complaint lists "unknown agents" as defendants. (Doc. 13 at 5). The plaintiff later filed a motion to supplement defendants by stating his "inten[t] to pursue" several unnamed officers, whose roles were generally described therein. (Doc. 22). Because there is no fictitious party practice in federal court, the Magistrate Judge properly denied this motion. (Doc. 23). As the R&R points out, (Doc. 68 at 7), despite discovery the plaintiff never moved to amend the pleadings to name any additional defendants. Accordingly, none are a part of this case.

plaintiff explicitly "agrees with" the R&R in its entirety. (Doc. 72). The defendant objects to the R&R to the extent it recommends denial of his motion for summary judgment and his defense of qualified immunity. (Doc. 71 at 1).

## BACKGROUND

The plaintiff was arrested in February 2011 by undercover narcotics officers following a foot chase. The plaintiff claims that the defendant employed constitutionally excessive force in effecting the arrest.[2]

## DISCUSSION

"[A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard ….'" *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis omitted). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id*. at 396 (internal quotes omitted). "[P]roper application [of the reasonableness test] requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. Moreover, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective

---

[2] The references in the second amended complaint to "involuntary hospitalization," (Doc. 13 at 17, 26), denote damages caused by the assault rather than a separate claim. (*Id*. at 26). Because there is no state or federal cause of action for "involuntary hospitalization," any such claim would be subject to summary dismissal had it been pleaded.

of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. Finally, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Id*. at 396-97.

In determining whether the force used to effect an arrest was unconstitutionally excessive, the Court must consider the factors set forth in *Graham*, as well as the first three factors set forth in *Leslie v. Ingram*, 786 F.2d 1533 (11th Cir. 1986). *Lee v. Ferraro*, 284 F.3d 1188, 1197-98 & n.7 (11th Cir. 2002).[3]

As noted, the *Graham* factors are: (1) "the severity of the crime at issue"; (2) "whether the suspect poses an immediate threat to the safety of the officers or others"; and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Lee*, 284 F.3d at 1197-98 (internal quotes omitted). The *Leslie* factors are: (4) "the need for the application of force"; (5) "the relationship between the need and amount of force used"; and (6) "the extent of the injury inflicted." *Id*. at 1198.

Even if a particular use of force is ruled constitutionally excessive, a defendant officer is entitled to qualified immunity unless, at the time of the event, it was "clearly established" that the officer's conduct violated the Constitution. *Lee*, 284 F.3d at 1193-94. A plaintiff can make this showing in any of three ways. "The first is to point to a materially similar case [that has] already decided that what the police officer was doing was unlawful." *Id*. at 1198 (internal quotes omitted). Second, a plaintiff "could also show that a broader, clearly established principle should control the novel facts in this situation." *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005).

---

[3] The fourth and final *Leslie* factor "has been eliminated from the analysis by *Graham* and other cases." *Lee*, 284 F.3d at 1198 n.7. "The other three elements of the *Leslie* test are still valid after *Graham*." *Id*.

3

Finally, the plaintiff may "show that the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." *Lee*, 284 F.3d at 1199 (internal quotes omitted). "Under this test, the law is clearly established, and qualified immunity can be overcome, only if the standards set forth in *Graham* and our own case law inevitably lead every reasonable officer in [the defendant's] position to conclude the force was unlawful." *Id*. (internal quotes omitted). Meeting this test "show[s] that an official's conduct was so far beyond the hazy border between excessive and acceptable force that [the official] had to know he was violating the Constitution even without caselaw on point." *Morton v. Kirkwood*, 707 F.3d 1276, 1282 (11th Cir. 2013) (internal quotes omitted).

The plaintiff's evidence, which the Court must credit, is as follows. After the plaintiff ran several blocks, he was caught by the defendant and another undercover officer. They and other officers "begin [sic] to kick and punch me in [the] face and ribs [sic], causing severe pain to my head and side." With the plaintiff "face down on the sidewalk," some of the officers drew guns on him while others, "holding [him] down," handcuffed him. (Doc. 13 at 19-20).[4] The plaintiff suffered two fractured ribs and a small laceration behind his ear as a result of the incident. (Doc. 47-2 at 24-25).[5]

---

[4] The defendant objects that the Magistrate Judge improperly relied on these statements because they are mere "allegations" from the plaintiff's second amended complaint and not evidence for purposes of Rule 56. (Doc. 71 at 4). The second amended complaint, however, contains a declaration compliant with 28 U.S.C. § 1746, (Doc. 13 at 7), so the statements constitute evidence for purposes of Rule 56. *See* Fed. R. Civ. P. 56(c)(1)(A) (citing declarations as appropriate evidence).

[5] The plaintiff gave a similar version of events in his motion to supplement defendants. (Doc. 22). The defendant objects to the Magistrate Judge's reliance on this document on the grounds it is unsworn. (Doc. 71 at 4-5). "Unsworn statements … cannot be considered by a district court in ruling on a summary judgment motion." *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003); *accord Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1248 n.8 (11th Cir. 2009); *Gordon v. Watson*,

The defendant offers additional evidence which, because it does not contradict the plaintiff's evidence, the Court must also consider. The defendant and another undercover officer observed the plaintiff engage in what they reasonably believed to be a drug transaction. When the officers approached the plaintiff, he ran. The officers gave chase and eventually caught the plaintiff. The plaintiff resisted arrest by "pushing away [the defendant's] hands as [he] was trying to handcuff" the plaintiff. A "brief struggle" ensued, during which the defendant "struck the Plaintiff twice on the side in an effort to restrain" him. "Eventually, [the defendant] and other officers were able to place the Plaintiff in handcuffs." (Doc. 36-1; Doc. 36-3; Doc. 50-1).[6]

The Magistrate Judge concluded that all three *Graham* factors, as well as the first *Leslie* factor, affirmatively weigh against a finding of excessive force. Specifically, the Magistrate Judge concluded that the drug sale which the defendant reasonably believed he had observed constituted a serious crime; that a reasonable officer under the circumstances would have believed the plaintiff posed an immediate threat to the officer; and that the plaintiff both fled the defendant and

---

622 F.2d 120, 123 (5th Cir. 1980). While these cases were decided under a previous version of Rule 56, the Eleventh Circuit has continued to apply the rule under the current version. *See, e.g., Federal Trade Commission v. Lalonde*, 545 Fed. Appx. 825, 839 n.4 (11th Cir. 2013); *Clark v. City of Atlanta*, 544 Fed. Appx. 848, 857 n.5 (11th Cir. 2013); *Sharma v. Johnston*, 515 Fed. Appx. 818, 819 (11th Cir. 2013). Because the plaintiff's motion is neither an affidavit nor a declaration, allegations contained within it will not be considered.

[6] The Magistrate Judge acknowledged that the plaintiff "has failed to refute Defendant's assertion that he resisted arrest and a struggle ensued." (Doc. 68 at 19). Later, however, she stated that the arrest report "is contrary to the facts currently before the Court" in that a box is checked indicating the plaintiff did not resist arrest. (*Id*. at 22). That document need not be considered, because the plaintiff did not cite the arrest report in opposing the motion for summary judgment. (Docs. 52, 65). *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). Even if it were considered, the arrest report would not create a genuine issue of material fact as to whether the plaintiff resisted arrest, because the same document, three lines down, affirmatively charges the plaintiff with the crime of resisting arrest. (Doc. 8 at 56).

the other officer and, once caught, resisted arrest. These circumstances, in turn, confirmed the need for the application of force in effecting the arrest under the first *Leslie* factor. (Doc. 68 at 17-21). Both the plaintiff and the defendant agree with the Magistrate Judge's assessment of these factors. (Doc. 71 at 3; Doc. 72 at 1). The Court does so as well.

The Magistrate Judge concluded that the remaining two *Leslie* factors favor the plaintiff – and favor the plaintiff so strongly as to outweigh the three *Graham* factors and the first *Leslie* factor and thus create a triable issue as to whether a constitutional violation occurred. In reaching this result, the Magistrate Judge assumed that the plaintiff's only act of resisting arrest was a single instance of pushing away the defendant's hands, which she found too mild a resistance to justify the defendant's application of "bone-shattering force." (Doc. 68 at 21-22). The defendant objects to this portion of the R&R. (Doc. 71 at 3).

As to the amount of force applied, no bones were actually shattered during the subject incident. What the plaintiff experienced were "[f]ractures of the lateral aspect of the right 8th and 9th ribs with 100% medial displacement of the distal fracture fragment." (Doc. 47-2 at 24). A break in the integrity of these ribs, but not a shattering of them into little pieces – an injury that presumably would require considerably more force than that necessary to cause a simple fracture. Moreover, the record evidence is that all the force to which the plaintiff objects was administered by foot or fist, which eliminates the use of any tool or weapon (baton, firearm, flashlight, etc.) in administering (and thus amplifying) the force.

As to the plaintiff's resistance, the evidence is that, when he pushed away the defendant's hands, his resistance did not end; instead, a "struggle" ensued to get the plaintiff handcuffed. While the full parameters of the struggle are not detailed, it plainly involved efforts to control the plaintiff's moving arms, and it ultimately involved taking the plaintiff to the ground "face down," where it required multiple officers to "hol[d] [him] down" until "eventually" the handcuffs were successfully applied.

The Magistrate Judge also assumed that the plaintiff was punched and kicked for almost five minutes, (Doc. 68 at 21), which may have sounded gratuitously (if implausibly) long. That time period, however, is taken from the plaintiff's motion to supplement defendants. (Doc. 22 at 3). As discussed in note 5, *supra*, the unsworn statements in that motion are not evidence that can be considered on motion for summary judgment. The only record evidence of the length of the encounter is that it was "brief," and the only record evidence of the number of blows the plaintiff absorbed is three (two to the side by the defendant and one to the head by a person unknown). Moreover, and as the Magistrate Judge noted, (Doc. 68 at 19), there is no evidence that any of these blows (or any other force) was exerted against the plaintiff after he was handcuffed. Nor is there any evidence that he stopped resisting before the handcuffing was accomplished.

There is, in short, nothing on this record to indicate that the plaintiff was struck more often, or more harshly, than was reasonably necessary to effect an arrest by applying handcuffs to a resisting, struggling suspect, especially when the evidence is viewed from the perspective of a reasonable officer on the scene, faced with a tense, uncertain and rapidly evolving situation. "[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Saucier v. Katz*, 533 U.S. 194, 209 (2001) (internal quotes omitted), *modified on other grounds, Pearson v. Callahan*, 555 U.S. 223 (2009). That the plaintiff experienced two fractured ribs does not convert the defendant's use of force into a constitutional violation, especially since "the typical arrest involves some force and injury," *Reese v. Herbert*, 527 F.3d 1253, 1272 (11th Cir. 2008) (internal quotes omitted), which is bound to increase when a suspect resists arrest.

Because the record evidence does not create a jury issue as to whether a constitutional violation occurred, the defendant is entitled to summary judgment on the merits of the plaintiff's excessive force claim. For the same reason, the

defendant is also entitled to qualified immunity. *E.g., Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013).[7]

Even could the evidence discussed above support a constitutional violation, the defendant still would be entitled to qualified immunity. Neither the plaintiff nor the Magistrate Judge has identified, and the Court in its independent research has not discovered, a case from the Supreme Court or Eleventh Circuit deciding that an officer doing what the defendant did, under materially similar circumstances, violated the Constitution. Nor has the Court been made aware of any clearly established principle (*e.g.*, that fracturing a resisting suspect's ribs always violates the Fourth Amendment) which could control the facts of this case. Finally, for reasons set forth above, it cannot be said that every reasonable officer in the defendant's position would have to know that applying force sufficient to fracture a resisting suspect's ribs is necessarily unconstitutional.[8]

"[Q]ualified immunity is only a defense to personal liability for monetary awards …." *Ratliff v. DeKalb County*, 62 F.3d 338, 340 n.4 (11th Cir. 1995). It therefore "may not be effectively asserted as a defense to a claim for declaratory or injunctive relief," *D'Aguanno v. Gallagher*, 50 F.3d 877, 879 (11th Cir. 1995), or in defense of an official-capacity claim. *Bruce v. Beary*, 498 F.3d 1232, 1249 n. 33 (11th Cir. 2007). The plaintiff demands no declaratory or injunctive relief, (Doc. 13 at 7, 32-33), and his official-capacity claims are being dismissed without objection. Qualified immunity is thus a complete defense.

---

[7] As the Magistrate Judge noted, (Doc. 68 at 11), the defendant plainly was acting within his discretionary authority in arresting the plaintiff.

[8] Had the plaintiff not been resisting, qualified immunity presumably would be denied, since "[o]ur cases hold that gratuitous force when a criminal suspect is not resisting arrest constitutes excessive force." *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008).

**CONCLUSION**

After due and proper consideration of the issues raised, and there having been no objections filed, that portion of the R&R addressing the plaintiff's claim for illegal taking of money and his official-capacity claims is **adopted** as the opinion of the Court. The defendant's motion for summary judgment as to these claims is **granted**, and these claims are **dismissed with prejudice**.

After due and proper consideration of the issues raised, and there having been no objections filed, that portion of the R&R addressing the *Graham* factors and the first *Leslie* factor is **adopted** as the opinion of the Court.

After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, that portion of the R&R addressing the second and third *Leslie* factors, and recommending that summary judgment be denied and that qualified immunity be denied, is not adopted as the opinion of the Court. For the reasons set forth herein, the defendant's motion for summary judgment as to the plaintiff's claim of excessive force (and, to the extent such a claim is pleaded, involuntary hospitalization), and as to the defendant's defense of qualified immunity, is **granted**. The plaintiff's claim of excessive force is **dismissed with prejudice** and his claim, if any, of involuntary hospitalization is likewise **dismissed with prejudice**.

Final judgment shall be entered accordingly by separate order.

DONE and ORDERED this 29th day of September, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE